### DOMINION COMBING MILLS, Limited, v. CANADIAN PAC. RY. CO.

(District Court, E. D. New York. May 22, 1924.)

**1. Admiralty ⬅5—Court not justified in exercising discretion to decline jurisdiction of libel, except for strong reasons.**

Though District Court may, in its discretion, decline to assume jurisdiction of libel for damages to goods transported between foreign countries, where both libelant and libelee are foreign corporations, it should not decline jurisdiction, unless strong reasons appear for doing so.

**2. Admiralty ⬅5—Court will not decline to assume jurisdiction of libel, where witnesses not inconvenienced.**

Where some of witnesses on libel for damage to goods shipped from England to Canada will be crew of vessel, whose testimony probably will be taken by deposition, and where convenience of witnesses would not be better served to any great extent by trial at libelant's place of business in Toronto than in New York, court will not decline to assume jurisdiction.

In Admiralty. Libel by the Dominion Combing Mills, Limited, against the Canadian Pacific Railway Company. On motion to dismiss, set aside, and vacate libel, and to refuse jurisdiction of the action. Motion denied.

Bigham, Englar & Jones, of New York City (F. Herbert Prem, of New York City, of counsel), for libelant.

Hardin & Hess, of New York City (Harold B. Elgar, of New York City, of counsel), for respondent.

GARVIN, District Judge. This is a motion by the respondent for an order dismissing, setting aside, and vacating the libel herein, vacating all proceedings of libelant heretofore had herein, and refusing jurisdiction of the action.

Both parties are corporations organized under the laws of the Dominion of Canada; libelant having an office and place of business in the province of Ontario, Canada. The action is based upon the alleged failure of respondent to make delivery of a shipment of goods from

---

London, England, by water and rail, to Trenton, Ontario, under a bill of lading, in the same good order and condition as when delivered to respondent but seriously injured and damaged. The merchandise was shipped by the steamship Bosworth, was unloaded at port of West St. John, New Brunswick, Canada, and thereupon reloaded in railway cars and transported by rail to Trenton, Ontario.

It does not appear whether it is claimed that the goods were damaged while at sea or during their transportation by rail, but it is asserted in libelant's brief, and not denied, that libelant's claim for damage was rejected by respondent upon the ground that the goods were damaged by reason of heavy weather at sea, a cause of damage for which it is claimed that under the bill of lading the carrier is not responsible.

[1, 2] Both parties agree that the court may decline to assume jurisdiction. Its action is a matter of discretion, but, unless strong reasons appear, the court is not justified in exercising its power to decline to assume jurisdiction. Thomassen et al. v. Whitwell, Fed. Cas. No. 13,928. It appears to the court that at least some of the witnesses will consist of the crew of the vessel. Their testimony may be, and probably will be, taken by deposition, so that, so far as their convenience is concerned, the place of trial is immaterial. If the witnesses are produced at the trial, it does not seem to the court that, should the libelant begin action in the city of Toronto, where libelant has its office, the convenience of witnesses will be served to any greater extent than if they come to New York, having in mind the distance of the port of West St. John from Toronto and the city of New York, respectively. Libelant must, of course, set forth by amendment whether the damage occurred on the water or during transit by rail.

Motion denied. Settle order on notice.