## THE CANADIAN COMMANDER.
### No. 11732.

District Court, E. D. New York.
June 4, 1930.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Michael F. Whalen, of New York City, of counsel), for claimant.

Bigham, Englar, Jones & Houston, of New York City (F. H. Prem, of New York City, of counsel), for libelant.

MOSCOWITZ, District Judge.

This is a motion for an order dismissing the libel in the above-entitled cause on the ground that the court should not assume jurisdiction over the subject-matter of this action.

The grounds of claimant's motion, as alleged in the moving affidavit, briefly summarized, are as follows:

1. That the libelant is an Australian corporation with its office at Sidney, Australia. That the steamship Canadian Commander is a Canadian vessel and is owned by Canadian Commander, Limited, a Canadian corporation, having its office and principal place of business in Montreal, Canada.

2. That the contract of carriage was made and entered into in Halifax, Nova Scotia.

3. That the shipment was between two foreign ports, and that no part of the contract of carriage was to be performed in this country.

4. That the bill of lading incorporates the British Carriage of Goods by Sea Act.

5. That the testimony necessary to establish the damage is available at first hand at Sidney, Australia, and is therefore more available to the British courts than to this court.

6. That the evidence to be adduced on behalf of the ship will become available in Canada, and if suit is maintained in this jurisdiction the ship owner will be required to issue commissions to obtain this testimony which will be inconvenient and expensive.

The fact that the shipper is a foreign corporation and that the bill of lading was issued in a foreign port places no burden upon the claimant. This is a matter of libelant's proof and any depositions necessary to establish the issuance of the bill of lading and the good order and condition of the shipment at the time of delivery must be taken by libelant. The fact that evidence of damage must be secured at Sidney, Australia, is also a matter concerning libelant's proof.

■ That the bill of lading incorporates the British Carriage of Goods by Sea Act is not a special circumstance because the English law would have to be proved by the vessel owner whether the action was tried in this court or in a Canadian court.

With respect to the inconvenience which is alleged would result to claimant by being obliged to secure their evidence in Canada on behalf of the ship, it does not appear to involve any great hardship on their part. This case is not at issue, and it is probable that at some time during the period before the case is reached for trial claimant's witnesses will be in the port of New York, at which time the testimony could be secured in the usual manner. It appears that the Canadian Commander stops at the port of New York on its return voyage from Sidney. It was on one of these stops at the port of New York that the libelant was enabled to secure the stipulation for value from claimant by reason of the presence of the Canadian Commander within the jurisdiction of this court. No undue hardship will be placed upon the claimant in securing the testimony of the ship's officers.

It appears by affidavit in opposition to the motion that the port of sailing of the Canadian Commander is Halifax, Nova Scotia, and that the distance by rail from Halifax to New York is 962 miles. The office of the claimant in the present case is Montreal, Canada, in which city it is probable that the libelant would institute suit if the present action were dismissed and the claimant would be obliged to defend in the courts of Montreal. The distance from Halifax to Montreal is 842.6 miles. The distance by rail to New York is but approximately 120 miles greater than the distance by rail from Halifax to Montreal. Considering the present day means and facilities for speedy transportation, it cannot be seriously urged that great inconvenience will result if the witnesses have to travel an additional 120 miles.

■ The motion to dismiss the libel is addressed solely to the discretion of the court and the retention of jurisdiction of a suit in admiralty between foreigners is within the court's discretion. The Belgenland, 114 U. S. 355, 368, 5 S. Ct. 860, 29 L. Ed. 152; Charter Shipping Company, Ltd. v. Bowring, Jones & Tidy, Ltd. (May 19, 1930) 281 U. S. 515, 50 S. Ct. 400, 74 L. Ed. 1008.

■ It appearing that this court will be just as convenient a forum as the courts of Montreal, that the expense of claimant's witnesses would not be any greater if the trial were held within this district than if the litigation was conducted in the courts of Montreal, and that inasmuch as suit has been commenced in this court and a stipulation for value having been filed in this court, and that the party issuing the bill of lading maintains an office within the city of New York, the motion will be denied.

Settle order on notice.