## THE BEAVERBRAE.

District Court, E. D. New York.
Aug. 29, 1931.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for respondent.

Hatch & Wolfe, of New York City, for libelant.

CAMPBELL, District Judge.

This is a motion for an order dismissing the libel, and that the court decline to assume jurisdiction over the subject-matter of the action.

In this suit libelant, a Delaware corporation, seeks to recover from the steamship Beaverbrae and the Canadian Pacific Steamships, Limited, damages alleged to have been caused to cargo shipped at Danville, Quebec, carried by rail to Montreal, transshipped on the Canadian vessel Beaverbrae, and carried to Antwerp, Belgium.

The invoices attached to the moving papers show that the libelant sold the shipment in question to the firm of Beton & Mollith, of Antwerp, Belgium.

The copies of the bills of lading attached to the moving papers show that, at the time of the original shipment at Danville, a straight bill of lading was issued consigning the goods to Beton & Mollith, at Antwerp.

The libel alleges that: "Prior to the delivery of the said merchandise and prior to the commencement of this action, libelant, for a valuable consideration, became the owner and holder of the said bills of lading and the owner of the said merchandise and entitled to the delivery thereof in accordance with the provisions of the said bills of lading."

This allegation would seem to be erroneous in the face of the whole transaction, and the following letter of the consignee, Beton & Mollith, to the Canadian Pacific Steamship Company:

"Registered            November 12, 1929.
"H S/GS
"Canadian Pacific Steamship Company Quai Jordaens 25 Antwerp.

"Re: s/s Beaverbrae sailing October 25th from Montreal to Antwerp.

"Dear Sirs: We herewith beg to notify you that upon receiving on Canadian National Railways Trans-Atlantic through Export Bill of Lading,

2,500 bags of Asbestos Fibre,
                gross weight 250,000 lbs.
  500 bags of Asbestos Fibre,
                gross weight  50,000 lbs.

number of Bills of Lading No. 22 and 23 respectively, we have found about 600 bags of asbestos fibre totally damaged and apparently soaked by sea-water.

"We herewith hold the ship responsible for this damage and are establishing our claim against your company.

"Further details will follow as soon as the examination has been finished.

"Yours very truly,
                "Beton et Molith S. A.
                "A. La Gattuta,
                    "General Manager."

—and therefore should be dealt with as the claim of a foreign libelant. Goldman v. Furness, Withy & Co. (D. C.) 101 F. 467.

It is conceded that this is a case in which the court, in its discretion, may decline jurisdiction, but there is a sharp conflict as to the policy the court should pursue.

The moving papers show: (1) The respondent is a Canadian company whose head office is in Montreal; (2) the cargo was originally shipped at Danville, Quebec, about 48 miles from Montreal; (3) the cargo was loaded on a Canadian vessel at Montreal, by stevedores located there; (4) the contract was not made or performed in this country; (5) the steamship Beaverbrae is not expected to come to New York, and it would be more convenient to take the testimony of the ship's officers in Canada where they might well be available to attend in person at the trial; (6) the bills of lading are made subject to the Canadian Water Carriage of Goods Act; and (7) libelant either does business in Canada or has associated companies incorporated in, and doing business there.

For the foregoing reasons the motion should be granted. The Belgenland, 114 U. S. 355, 363, 5 S. Ct. 860, 29 L. Ed. 152; Charter Shipping Co. v. Bowring, 281 U. S. 515, 50 S. Ct. 400, 74 L. Ed. 1008; Canada Malting Co. v. Paterson Steamships, Ltd. (Mantadoc-Yorkton) 49 F.(2d) 802, 1931 A. M. C. 666 (D. C.).

The Bosworth (D. C.) 300 F. 992, 1924 A. M. C. 978, cited by libelant, is not in point, as in that case the court found that it would not be any hardship or inconvenience to have the suit tried in this court, whereas in this case I believe it would be a hardship and inconvenience to require a trial in this court.

Motion granted.