### THE LADY DRAKE.

#### HOBSON v. LADY DRAKE, Limited.

No. 12927.

District Court, E. D. New York.

May 2, 1932.

318

 See, also (D. C.) 1 F. Supp. 319.

Bigham, Englar, Jones & Houston, of New York City (F. Herbert Prem, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (L. De Grove Potter, of New York City, of counsel), for respondent.

CAMPBELL, District Judge.

This is a motion requesting the court, within its discretion, to decline to take jurisdiction of this case, on the ground that the ends of justice will be best served by remitting these parties to the courts of Canada or the Maritime Provinces.

The facts are as follows:

The libelant, Thomas Hobson, has sued Lady Drake, Limited, owner of the steamship Lady Drake, to recover for alleged damage to molasses carried on the steamship Lady Drake from Bridgetown, Barbados, British West Indies, to St. John, New Brunswick. Jurisdiction over the vessel in rem has not been obtained.

The libelant is an employee or representative of the Union Insurance Society of Canton, Limited, a foreign corporation, which as an insurer made certain advances or payments, in the form of loans, to the consignees on account of the damage. The consignees are all companies incorporated in Canada, and the steamship is a Canadian vessel. The contract or contracts of carriage were not made or performed in this country. The transportation was between the British West Indies and St. John, New Brunswick, on a British vessel.

The steamship Lady Drake has been for the past year, and still is, engaged in the West Indian trade between St. John, New Brunswick, Halifax, and the British West Indies. The only United States port at which this vessel calls is Boston. It also appears that the former master, first, second, and third officers of this vessel are engaged in that trade and do not come to New York.

The consignees, who at the time of the loss were the owners of the goods, and the respondent are Canadian concerns; the respondent's office being located in Montreal, Canada.

All the parties really concerned, except the consignee's underwriters, are Canadian concerns, and all the witnesses are either in the British West Indies, in Canada, or on vessels trading between the British West Indies and St. John, New Brunswick, Canada, and do not come to New York.

There is no good reason why this case should be tried in this court. No one having a real beneficial interest in the controversy appears to be a citizen of this country, or a domestic corporation, and it appears that it would be more convenient if the case were tried in Canada.

The libelant is not the real party in interest, and the case should be treated as one between Canadian subjects. Goldman v. Furness, Withy & Co. (D. C.) 101 F. 467.

This court has the right to decline to take jurisdiction, and in this case, on the facts as hereinbefore cited, it should decline. The Belgenland, 114 U. S. 355, 5 S. Ct. 860, 29 L. Ed. 152; Charter Shipping Co. v. Bowring, Jones & Tidy, 281 U. S. 515, 50 S. Ct. 400, 74 L. Ed. 1008; Canada Malting Company, Ltd., v. Paterson Steamships, Ltd., 52 S. Ct. 413, 76 L. Ed. ——, decision by United States Supreme Court, opinion by Mr. Justice Brandeis, April 11, 1932; Mantadoc-Yorkton, 49 F.(2d) 802, 1931 A. M. C. 666.

In a very similar case, Johns-Manville International Corporation v. Canadian Pacific Steamships, Ltd., 60 F.(2d) 363, 1931 A. M. C. 1545, this court decided that it should not take jurisdiction.

The Bosworth, 300 F. 992, 1924 A. M. C. 978, and The Canadian Commander (D. C.) 43 F.(2d) 857, cited in opposition, are not in point, and in so distinguishing them, as I have The Bosworth, supra, in former opinions, I do not concede that I am in entire agreement with their reasoning, but it is sufficient to hold, as I do, that they are not in point.

This court is not required to enter into a calculation of the distances between places in Canada, where the action may be brought, and the places in Canada where Canadian witnesses may be found, and between the last-mentioned place and New York.

None of the real parties in interest are in New York, and the Canadian witnesses, as well as the witnesses aboard a Canadian vessel, in a Canadian case, may well be produced before a Canadian court, or their depositions taken, and in so doing no unnecessary inconvenience will be caused.

I see no reason, with the volume of business which confronts this court, why we should, by taking jurisdiction in this case, set a precedent which will result in bringing into this court, by virtue of like assignments, cases which, for the best interests of the parties, should be tried in the courts of the country of the real parties in interest.

The motion is granted.