**Maple APPLEWHAITE et al., Libellants,**

v.

**THE S.S. SUNPRINCESS, etc., et al., Respondents.**

United States District Court
S. D. New York.

May 8, 1956.

Shafter & Shafter, New York City, for libellants. Alfred M. Shafter and Bernard Shafter, New York City, of counsel.

Zock, Petrie, Sheneman & Reid, New York City, for respondent Saguenay Terminals, Ltd. Edwin K. Reid, New York City, of counsel.

PALMIERI, District Judge.

This is a motion by the respondent Saguenay Terminals, Ltd., a Canadian corporation, to dismiss a libel on the ground of *forum non conveniens*. The suit arises from a collision at sea on July 13, 1955, off the Island of Trinidad, between the S.S. Sunprincess, a vessel of

Liberian registry, and the S.S. Geologist, a vessel of British registry. The S.S. Geologist sank with a total loss of its cargo. A number of seamen perished in the disaster. The families of ten of these deceased seamen, all of whom were members of the crew of the S.S. Geologist, are here as libellants. They are all British subjects and residents of the Island of Barbados. A motion by Saguenay Terminals, Ltd., the bare boat charterer of the S.S. Sunprincess, to dismiss the libel on jurisdictional grounds was denied by Judge Walsh on January 10, 1956, Applewhaite v. Saguenay Terminals, Ltd., D.C., 150 F.Supp. 825. This decision was, in effect, subsequently affirmed by the Circuit Court of Appeals on March 5, 1956 (Docket No. 24021), when it denied a motion for a writ of mandamus.

After the proctors for the libellants were retained, and while the case was pending here, a law firm in Barbados, representing Saguenay Terminals, Ltd., effected settlements with the families of the deceased seamen in question. As part of these settlements, papers were signed by the libellants disclaiming representation by the proctors here and releasing the respondents from liability.

This motion has involved extensive argument and voluminous papers have been submitted. Without attempting to review them in detail, it is clear that no notice of the settlement negotiations in Barbados or their outcome was transmitted either to the proctors for the libellants or to the proctors for the respondents in this jurisdiction. It is questionable whether settlements effected under such circumstances are defensible from the standpoint of the possible rights of libellants' proctors. Cf. Hoxsey v. Hoffpauir, 5 Cir., 180 F.2d 84, certiorari denied, 1950, 339 U.S. 953, 70 S.Ct. 841, 94 L.Ed. 1366; In re Cooper, 1943, 291 N.Y. 255, 52 N.E.2d 421.

The granting of the motion to dismiss on the ground of *forum non conveniens* under such circumstances would place this court in the position of furthering what may well have been an imposition upon the proctors for libellants properly before this court by compelling them to resort to the courts in Barbados. See Morgan v. Drewry, 1954, 285 App.Div. 1, 135 N.Y.S.2d 171. Nevertheless, as the Colonial Court of Admiralty in Barbados has approved these settlements, such action need not be re-examined here because of considerations of international comity and expediency. See Hilton v. Guyot, 1895, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95; De Sairigne v. Gould, D.C.S.D.N.Y.1949, 83 F.Supp. 270, affirmed 2 Cir., 1949, 177 F.2d 515, certiorari denied 1950, 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1338. Cf. Johnston v. Compagnie Generale Transatlantique, 1926, 242 N.Y. 381, 152 N.E. 121, 46 A.L.R. 435. If, as the proctors for the libellants claim, the settlements were procured in part by fraudulent misrepresentation, they may seek redress for their grievances by resort to the courts of Barbados. This Court cannot properly be asked to assume the role of guardian of the rights of foreign citizens in a matter already deemed to have been quieted and settled by their own courts. Moreover, an attorney's rights per se must be deemed to be subordinate to the overriding public interest in the appropriate settlement of litigious controversies.

I am aware that there is ample precedent for this Court to decline jurisdiction of an action arising out of a collision occurring outside United States waters involving foreign vessels and with none of the claimants domiciled in the United States. Canada Malting Co. v. Paterson Steamships, 1932, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; The Beaverbrae, D.C. E.D.N.Y.1931, 60 F.2d 363. But, for the reasons stated herein, I believe that a decision of the motion to dismiss on the ground of *forum non conveniens* should be held in abeyance until the fees properly payable to the proctors for the libellants can be fixed and awarded. To this end, a Special Master will be appointed to hear and report, it being understood that any awards shall be as-

sessed against the respondent Saguenay Terminals, Ltd.

Submit order on notice pursuant to Fed.Rules Civ.Proc. rule 53, 28 U.S.C.A.