## FOUNTAIN v. TOWN OF ANGELICA.

*(Circuit Court, N. D. New York.   April, 1882 )*

1. REMOVAL OF CAUSES—ASSIGNEES AS PARTIES.

   A plaintiff who has been introduced into a controversy by assignment or transfer merely that he may acquire a standing and relation to the controversy to enable him to prosecute it for the beneficial interests of the original party, is improperly and collusively made a party to the suit.

2. SAME—COLLUSIVE ASSIGNMENT.

   Where the plaintiff has no substantial interest in the coupons sued on, but obtained the legal title to enable him to maintain the action, and where he bought them without any inquiry as to their validity or value, and pretended to pay for them by a check which he never paid, it is the duty of the court to dismiss the suit.

*Spencer Clinton*, for plaintiff.

*Hamilton Ward*, for defendant.

WALLACE, C. J.   By the fifth section of the act of March 3, 1875, to determine the jurisdiction of circuit courts of the United States, it is declared that if at any time in the progress of a case, either originally commenced in a circuit court or removed there from a state court, it shall appear that such suit does not really involve a dispute or controversy properly within the jurisdiction of the court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under the act, the said circuit court shall proceed no further, but shall dismiss the suit or remand it to the court from which it was removed.

This action presents the question whether the plaintiff has been improperly or collusively made a party for the purpose of creating a case cognizable by this court within the meaning of the section referred to.

It is said by the supreme court in *Hawes* v. *Contra Costa Water Co.* 25 Alb. Law J. 146, [S. C. 11 FED. REP. 93, note,] that this statute strikes a blow at improper and collusive attempts to impose upon this court cognizance of cases not justly belonging to it.   Before this act was passed it was settled law that although a transfer of the subject of the controversy may have been made for the purpose of vesting an interest in parties competent, by reason of their domicile, to litigate in the federal courts, that circumstance would not defeat the jurisdiction if the transaction invested the assignee with the real interest in the subject-matter; yet, if the assignment

was colorable only, and the real interest still remained in the assignor, jurisdiction would not be entertained. *Barney* v. *Baltimore City*, 6 Wall. 280. The section in question, therefore, was quite unnecessary if it was only intended to reach a case in which the plaintiff, by assignment, obtained merely a colorable title to the subject of the controversy. It is not difficult to discern the purpose of the section. It had long been notorious that the jurisdiction of the circuit courts was constantly invoked for the benefit of parties not within the class which the constitutional grant of jurisdiction to the federal courts was intended to include; by parties who, because they were citizens of the same state as their adversary, could only resort to the courts of the state, but who, for some ulterior motive, desired to resort to the federal courts. The convenient device was resorted to of transferring the subject of the controversy to a citizen of another state, a friendly coadjutor, who, while acquiring the legal title, was expected to litigate for the benefit of the original party. Thus, new parties were introduced into controversies in which they had no substantial interest, merely to bring cases into the federal jurisdiction. It cannot be doubted that the provision in question was intended to meet and prohibit a jurisdiction sought and obtained by such collusive methods. It should be held that a plaintiff who has been introduced into a controversy by an assignment or transfer merely that he may acquire a standing and relation to the controversy which will enable him to prosecute it for the beneficial interests of the original party, "has been improperly and collusively made a party for the purpose of creating a case cognizable under the act."

No better illustration of the class of cases which the section was intended to meet could be presented than the present case affords. It is palpable upon the evidence that the plaintiff has no substantial interest in the coupons which are sued upon, conceding that he acquired the legal title to them so as to enable him to maintain the action. He bought them at the solicitation of one Dick, without any inquiry as to their validity or value, and without any negotiation concerning the price to be paid. He pretended to pay for them by a check which he has never paid, which was made for the full face amount of the dishonored and contested coupons, which was paid, if paid at all, by a bank of which Dick was a director and the plaintiff was an assistant cashier; and which, after the expiration of three years, he has never heard of since he gave it. He testifies he had no personal interest in the transaction. He was informed the coupons would have to be collected by suit. He placed them in the hands of

Dick's attorney, for collection, very soon after receiving them. He testifies that he did not expect to be responsible to the attorney for his charges. In short, he was merely an instrument of Dick, selected by Dick, and invested with a formal title to the coupons, in order that Dick might litigate them in a federal court.

It is the duty of the court to dismiss the suit.

NOTE. A *bona fide* conveyance of property in controversy for the express purpose of conferring jurisdiction, is no ground for remanding a cause to the state court, (*Hoyt* v. *Wright*, 4 FED. REP. 168;) but a defendant cannot acquire the right to a removal by the purchase of the interests of his co-defendants. *Temple* v. *Smith*, 4 FED. REP. 392. Where a citizen transfers mortgage notes to a foreigner for the purpose of giving jurisdiction, not accompanied with an agreement for a retransfer, the circuit court will take jurisdiction of the cause when removed. *Marion* v. *Ellis*, 10 FED. REP. 410. So the right to sue is not invalidated by the fact that the note was transferred for the purpose of giving the court jurisdiction; (*Lanning* v. *Lockett*, 10 FED. REP. 451; affirmed, S. C. 11 FED. REP. 814;) but the transfer of a deed *mala fide* in one state to the citizen of another will not enable the grantee to maintain ejectment in such court. *Greenwalt* v. *Tucker*, 10 FED. REP. 884. The circuit court has no jurisdiction of a cause on the ground of citizenship, where the nominal parties are not the real parties in interest, but have been made parties collusively, to bring the controversy within the jurisdiction. *Marion* v. *Ellis*, 9 FED. REP. 367. Where parties conveyed lands to a stranger, a citizen of another state, without his knowledge and without consideration, for the purpose of creating jurisdiction in the United States courts, the transaction was only colorable and collusive, and the suit must be dismissed. *Coffin* v. *Haggin*, 11 FED. REP. 219.—[ED.