## CHUBB v. HAMBURG-AMERICAN PACKET CO.[1]

*(District Court, E. D. New York.* June 24, 1889.)

**ADMIRALTY—JURISDICTION.**

Libelant is an American citizen, who sues as assignee of the owners of the British ship A., and the action is brought to recover damages caused by a collision in the English channel between the A. and the German steamer B. The steamer has never been in the United States, none of her witnesses are here, and her owner asks the court, on the above facts, to decline to entertain jurisdiction of the action. The owner of the German steamer has been requested, and has refused, to appear in an action instituted against him in a British court. *Held,* assuming, but not deciding, that it is competent for a court of admiralty, in its discretion, to decline to entertain jurisdiction of a cause of collision on the high seas where all the parties are foreigners, this case presents no grounds on which the court should so decline jurisdiction.

In Admiralty. On motion that the court decline to entertain jurisdiction.

*Goodrich, Deady & Goodrich* and *R. D. Benedict,* for libelant.
*Butler, Stillman & Hubbard,* for the Borussia.

BENEDICT, J. This is an action brought to recover for damages caused to the British ship Astracana, by a collision that occurred in the British channel between that ship and the steamer Borussia. The ship Astracana was an English vessel, owned by English subjects, and the steamer Borussia was a German vessel, owned by the defendant. The libelant is an American citizen, who sues as assignee of the English owners of the

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

Astracana. The defendant has appeared in the action. No testimony has been taken on either side, and now the defendant requests this court to decline jurisdiction. That this court has jurisdiction to adjudicate the rights of these parties arising out of the collision in question is not denied, but it is contended that there are circumstances which should impel the court in the exercise of its discretion to decline to exercise that jurisdiction. The facts put forth in support of the application are that the steamer Borussia has never been in the United States; that none of the witnesses to be called in the cause are in the United States; and the injured vessel was a British ship. Upon these facts it is contended by the defendant that to require him to try the cause in the United States, under such circumstances, would impose hardship upon him without cause. In opposition it is shown that the defendant has been requested to appear in an action instituted against him in a British court for the same cause of action, and has refused so to do, from which it is implied that it is not possible for the libelant to secure jurisdiction of the defendant in a British court. It is evident, therefore, that a refusal by this court to entertain jurisdiction of this cause is equivalent to requiring the cause to be tried in Germany, and the question, then, is whether justice requires that the question of the liability of the German ship for the loss of this English vessel in a collision on the high seas shall be adjudicated in Germany. Assuming, but not deciding, that it is competent for a court of admiralty, in the exercise of its discretion, to decline to entertain jurisdiction of a cause of collision arising on the high seas, when all the parties are foreigners, I am unable to see any good ground upon which to decline the jurisdiction in a cause like this. The inability of the English courts to acquire jurisdiction of the defendant in behalf of the English owners of the Astracana affords no ground upon which to ask this court to decline a jurisdiction over the defendant which the laws of this country enables it to acquire. I see no hardship upon the defendant in compelling him to meet the libelant's demand in the courts of the United States. It is true, their witnesses to this collision are not here; neither are the libelant's witnesses in Germany. To transmit the libelant to Germany would therefore impose as great a hardship upon the other side as would follow by retaining the cause. The defendant has a regular agent here, and runs a line of steamers to this port. Moreover, the general rule is that when there is a choice of forums the libelant has the right of choice. To grant the defendant's application in this case would be to give to the defendant the right of choice. Still further, the libelant is an American citizen, and if, as contended in behalf of the defendant, the cause of action was assigned to him for the mere purpose of facilitating a resort to the courts of the United States, still the fact remains that the party seeking the intervention of this court is an American citizen. That fact alone seems sufficient to require the court to retain the cause. The motion is denied.