## GOLDMAN v. FURNESS, WITHY & CO., Limited.

### (District Court, S. D. New York.   April 30, 1900.)

ADMIRALTY JURISDICTION—SUIT BETWEEN FOREIGNERS—EFFECT OF ASSIGNMENT OF CLAIM.

Where a court of admiralty, in the exercise of its discretion, has refused to entertain jurisdiction of a suit between foreigners for the breach of a contract of carriage made in Canada, and no part of which was to be performed within the United States, it appearing that the controversy could more properly be determined by the courts of Canada, by the laws of which the contract was governed, it is not required to entertain a second suit on the same cause of action by an assignee of the former libelant, who is a citizen and resident of the district where the suit is brought, when the assignment was merely colorable, and made for the purpose of enabling the suit to be brought in such court.[1]

In Admiralty.   Libel in personam to recover damages for breach of contract.   On motion to dismiss.   Granted.

Charles Howard Williams, for libelant.
Convers & Kirlin, opposed.

BROWN, District Judge.   The libel in the above cause was filed to recover damages for the alleged breach of a contract to carry a large quantity of wood pulp from Quebec, Canada, to Manchester, England, during the summer and autumn of 1899.   The defendant is an English corporation having its principal place of business at West Hartlepool, England, with an agent in the United States, and also an agency in Montreal, Canada, where the verbal contract (confirmed a few days afterwards by letters) was made with the libelant Goldman in person, as agent of Sally Wertheim, merchant of Hamburg, Germany, doing business under the name and style of A. Wertheim & Co. of Hamburg, of which Goldman is the New York agent.

Upon a former libel filed February 15, 1900, by Sally Wertheim, as libelant, against the present defendant, upon a special appearance of the defendant and affidavits showing that both parties were nonresident; that the contract was in fact made between the agents of the parties in person in Montreal; that no part of the contract was to be executed within the United States; that it had been partly performed; that it was governed by the law of Canada, and that nearly, if not quite all, of the witnesses were there, and that the convenience of parties would be greatly subserved by the trial of the cause in Canada, rather than within this jurisdiction, it was held that the court should not exercise its discretionary power to enforce a trial of the cause here, but should remit the parties to the more appropriate forum of Canada.   Four days after the decision of the court to that effect was made known, namely, on March 16, 1900, and three days before the order dismissing the former action was entered, said Wertheim, according to the present libel, assigned the cause of action for the alleged breach of contract to the present libelant, "for a valid and sufficient consideration"; and on the 21st of

[1] As to admiralty jurisdiction of suit between foreigners, see note to Fairgrieve v. Marine Ins. Co., 37 C. C. A. 193.

March, the present libel was filed to the same effect as the former, stating the assignment of the cause of action, and that the libelant is a citizen and resident of this city and district. The defendant, upon a special appearance only, now again moves to dismiss the libel upon the same affidavits as before.

It is impossible to suppose that the assignment alleged is anything else than a colorable assignment, made for no other purpose than to present an American citizen as libelant, and thereby remove one of the grounds upon which the former libel was dismissed. Aside from this circumstance, all the substantial reasons for prosecuting the suit in Canada rather than in this jurisdiction, remain as before; and if the court was not required to take jurisdiction of the former libel, and if Canada was the proper forum for the trial of the cause, it would seem manifest that an assignment that can only be deemed colorable should make no difference. It has long been settled that where the court has no jurisdiction of the cause in fact, a colorable assignment for the mere purpose of giving it jurisdiction is ineffectual. Barney v. Baltimore City, 6 Wall. 280, 288, 18 L. Ed. 825.

By the eleventh section of the judiciary act, moreover, continued by the Acts of 1875 (18 Stat. 478) and 1888 (1 Supp. Rev. St. p. 612) it is provided:

"Nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of an assignee * * * unless such suit might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made."

The terms "chose in action" as there used include actions for damages growing out of "rights of action founded on contracts, which contain within themselves some promise or duty to be performed." Bushnell v. Kennedy, 9 Wall. 387, 392, 19 L. Ed. 736; Fountain v. Town of Angelica, 20 Blatchf. 448, 12 Fed. 8; Jackson & Sharp Co. v. Pearson, 60 Fed. 113; Fost. Fed. Prac. § 24; City of New Orleans v. Quinlan, 173 U. S. 191, 19 Sup. Ct. 329, 43 L. Ed. 664.

Referring to the act of 1875, the supreme court in Hawes v. City of Oakland, 104 U. S. 450, 26 L. Ed. 827, say:

"This statute strikes a blow at improper and collusive attempts to impose upon this court cognizance of cases not justly belonging to it." Page 459, 104 U. S., and page 831, 26 L. Ed.

This language seems to me precisely applicable to the present case. I do not doubt that this court has discretionary power to exercise jurisdiction under the present libel, as it had upon the former one; but jurisdiction is not obligatory I think under the present circumstances.

The cases cited by the libelant are quite different. In Steamship Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964, the contract was to transport to the city of New York, and it was therefore to be partly performed in this country. In Chubb v. Packet Co., 39 Fed. 431, the interests of the parties so far as respects the conveniences of witnesses on the trial were balanced, the collision being between an English and a German vessel, and the tort was upon the high seas and not governed by the law of either nation. Here the

circumstances are all different. Every circumstance opposes the trial of the cause within this jurisdiction and makes that of Canada more; appropriate, except apparently the choice of the German company, and its agent, the present libelant. This court is overburdened with, causes which must be tried within this jurisdiction; and it ought not voluntarily to entertain jurisdiction of other causes which on all grounds are more appropriately triable elsewhere, to the neglect and prejudice of its own proper and necessary business.

The libel is dismissed.