## THE NORSMAN.

(District Court, E. D. New York. January 13, 1921.)

1. Assignments ⬄121—Right of assignee to maintain suit.

The assignee in good faith and for sufficient and valid reason of a claim for money due *held* entitled to maintain suit therefor.

2. Maritime liens ⬄28—Supplies furnished to owner.

One furnishing gasoline to a motor boat on orders of the captain, pursuant to an established course of business, under which the bills had been paid periodically by the owner, *held* entitled to a maritime lien under Act June 23, 1910 (Comp. St. §§ 7783-7787).

In Admiralty. Suit by Robert L. Poling against the launch Norsman. Decree for libelant.

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Henry W. Baird, of New York City (John A. Anderson, of Brooklyn, N. Y., of counsel), for libelant.

Peter Baumer, of New York City, for claimant.

CHATFIELD, District Judge. The libelant's brother and assignor, in the year 1917, maintained a pontoon with an oil and gasoline station at the foot of Fifty-Eighth street, Brooklyn, in New York Bay, and had for some time dealt with the owner of the gasoline launch Norsman, who paid his bills periodically at such times as was convenient, and approximately from month to month. The Norsman was generally operated by a captain employed by her owner and was rented or chartered for excursions of various sorts.

After the summer of 1917, the libelant's assignor was drafted and turned over his business to his brother, the libelant, who continued the business and brings this action. The libelant's assignor has now been mustered out and is again in charge of the business and was the principal witness upon the trial, but the claim has not been reassigned.

[1] The claimant raises several issues. He attacks the libelant's right to sue on the ground that he is not the real party in interest. The Trader (D. C.) 129 Fed. 462; Reppert v. Robinson, Fed. Cas. No. 11,-703. The motive for making the assignment is so plain and the circumstances are so much beyond suspicion that there is no merit to this defense.

The claimant also questions the amount of the bill, on the ground that he had no knowledge of the details; but the slips made out at the time for the amount of gasoline and oil delivered support the libelant's claim and prove the total of the bill rendered to the claimant, which he repudiated and now opposes.

[2] His defense to the claim of maritime lien under the statute of June 23, 1910, chapter 373 (Comp. St. §§ 7783–7787), is based upon his testimony that he had difficulties with the captain of his boat; that prior to the obtaining of the supplies in question he had chartered the boat to another party, who had contracted to pay for such supplies and had personally given notice of this to the libelant's assignor. This is denied by the libelant's assignor. He thus contends that under the doctrine of The Hatteras, 255 Fed. 518, 166 C. C. A. 586, and The Valencia, 165 U. S. 264, 17 Sup. Ct. 323, 41 L. Ed. 710, he has rebutted the presumption which arises under the statute in question, and which, if not overcome, would create a lien against the boat. Act June 23, 1910, § 3 (Comp. St. § 7785). He testifies that he had this conversation around the middle of July, at a time when the new captain was on board the boat, but was so indisposed that a friend of the owner was running the engine.

The memorandum, however, of the hiring of the boat was not made until August 15th, and the testimony shows that money for the payment of these supplies was in the hands of another party, who went to Spain without paying the bills. Thereafter the owner of the boat repudiated the claim of lien for credit given to the boat and her captain. For each sale, beginning with July 15th, the day on which the conversation alleged would seem to have taken place, a slip was signed by the captain:

All the elements of a valid claim against the boat are shown, and the proof does not show to the court's satisfaction that the libelant's assignor was put on notice as to the charter of the boat. The South Coast, 251 U. S. 519, 40 Sup. Ct. 233, 64 L. Ed. 386.

There seems to be no reason why the libelant should not be allowed to recover on the statutory lien against the vessel for $44.45.