### THE EEMDYJK.

### THE NEW ENGLAND FISH CO. v. HOLLAND–AMERICAN LINE OF ROTTERDAM, HOLLAND.

(District Court, W. D. Washington, N. D. January 25, 1923.)

No. 7256.

Admiralty ⬡⟾5—Can take jurisdiction of suit on good-faith assignment to citizen of claim against foreign vessel.

A court of admiralty can take jurisdiction of a libel by a domestic corporation against a foreign vessel, based on a claim of a lien against the vessel assigned to the domestic corporation in good faith, where much of the evidence on the issues involved would have to be taken in this country.

In Admiralty. Libel by the New England Fish Company, a corporation, against the steamship Eemdyjk, of which the Holland-American Line of Rotterdam, Holland, was claimant. On claimant's exceptions to the libel. Exceptions denied.

The libelant, a corporation and citizen of the United States, alleges that, December 23, 1921, the Canadian Fish Company, Limited, a corporation, shipped in good order on board the respondent ship from the port of London, England, to Vancouver, B. C., 109 cases of frozen halibut which the respondent agreed to transport and deliver in good condition; that it failed to provide proper refrigerator compartments, and did not exercise reasonable care in such transportation; that at the port of San Francisco the respondent ship removed said cases of halibut from cold storage and allowed the same to remain on top of the deck of the vessel 24 hours, while the vessel was being discharged, and the halibut was exposed to the outside temperature; that at the port of Portland, Or., a large portion of the halibut was removed from cold storage compartments, and for a period of 48 hours was exposed to the atmospheric temperature; that upon the arrival at Vancouver, B. C., the halibut was condemned as unfit for human consumption by the health department of the city of Vancouver, and was "dumped" because of its unfit condition; that for cartage, insurance, portage, teaming, harbor dues, and expenses in handling said halibut said company expended the sum

---

⬡⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of $1,906.77; that the value of the halibut at the time of arrival at Vancouver, if in good order and condition, was $3,683.70; that prior to filing this libel the Canadian Fish Company, Limited, assigned said bill of lading to the libelant, and assigned to the libelant its claim for damages resulting from the breach of contract on the part of the steamship and also assigned all its claim against said steamship and its owner growing out of or in any manner connected with said shipment.

The Holland-American Line has entered its appearance as claimant, and has excepted to the libel, for the reason that the libelant was not a party to the transaction, and has no claim other than as assignee against the respondent ship, and is not entitled under the law and rules to prosecute the action, and that the court should decline to entertain jurisdiction, for the reason that the real controversy is between persons not citizens of the United States, but a British subject and a subject of Holland.

Kerr & McCord, of Seattle, Wash., for libelant.

Huffer & Hayden, of Seattle, Wash., for claimant.

NETERER, District Judge (after stating the facts as above). This court, in Gildemeister & Co. v. The Iquitos, respondent, and Peruvian Steamship & Floating Dock Co., claimant (filed November 26, 1921) 286 Fed. 383, declined to take jurisdiction, because the controversy was wholly between foreigners and by stipulation of the parties all claims arising under the bill were to be adjudicated at Liverpool, England, and none of the testimony was within the limits of the United States. In the absence of a contrary showing, the court will assume for the purpose of the exception that the assignment was made in good faith and for value. The controversy, then, is not between citizens of alien countries, and testimony must be taken at Portland and San Francisco, because acts of commission charged, material to the issue, took place at those places. The other testimony would be at London, England, and Vancouver, B. C., relating to the value and the condition of the halibut when shipped, and condition when it was received. The issue here is clearly differentiated from any of the other cases that have been before the court, and I think bears such a relation as should move the court to exercise jurisdiction. This case is differentiated from The Trader, 129 Fed. 462. In that case it was established that the assignee had no interest.

The exceptions are denied.