934

90, 43 S. Ct. 480, 67 L. Ed. 871. The judgment upon the merits is res judicata not only as to the issue presented, but also as to rights and issues which might have been presented. Baltimore Steamship Company v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069. See, also, United States v. Sakharam Ganesh Pandit (C. C. A.) 15 F. (2d) 285, certiorari denied, 273 U. S. 759, 47 S. Ct. 473, 71 L. Ed. 878.

The petitioner was not at liberty to present his defense by piecemeal and litigate the liability in the state court. Werlein v. New Orleans, 177 U. S. 390, 20 S. Ct. 682, 44 L. Ed. 817; United States v. California & Oregon Land Company, 192 U. S. 355, 24 S. Ct. 266, 48 L. Ed. 476; Grubb v. Public Utilities Comm., 281 U. S. 470, 479, 50 S. Ct. 374, 74 L. Ed. 972. See, also, American Surety Co. v. Baldwin, supra.

From the foregoing, it is obvious that my view is out of harmony with In re Moran Bros. Contracting Co., Inc. (D. C.) 1 F. Supp. 932, 1932 A. M. C. 910, and In re Starin (D. C.) 124 F. 101, and The T. W. Wellington (D. C.) 235 F. 728. In The Benefactor, 103 U. S. 239, 26 L. Ed. 351, and Monongahela River Consol. Coke & Coal Co. v. Hurst (C. C. A.) 200 F. 711, there was more than one creditor in each case.

While the instant issue was not raised by answer, but rather in the nature of exceptive allegations, the issue at bar was submitted upon the right to limit liability upon the facts stated, and, acting upon the assumption that upon this challenge is agreed the right to limit liability shall be now finally determined, an order dismissing the petition, indorsing such understanding, may on notice be presented.

Single & Hill, of New York City, for libelant.

Haight, Smith, Griffin & Deming, of New York City, for respondent.

CAFFEY, District Judge.

It seems clear that the underwriter could be joined as libelant; also that, if the present suit were dismissed, jurisdiction here could be obtained of respondent by a fresh writ of attachment. The statements in petitioner's affidavit are not disputed. From these statements I am unable to say that, if a suit were brought in Cuba, the inconvenience of respondent therein would be substantially less, if indeed less at all, than if the present suit were retained. Whatever may be the theoretical objections to continuance in this court, I think that no sufficient ground, and perhaps no ground at all, has been established for dismissal.

Motion denied.

---

THE TRICOLOR.

UNITED STATES MERCHANTS' & SHIPPERS' INS. CO. v. A/S DEN NORSKE AFRIKA OG AUSTRALIE LINIE.

District Court, S. D. New York.

Aug. 25, 1932.

BENGOCHEA et al. v. DAMPSKIB SELSKA-BET ORIENT A/S.

District Court, S. D. New York.

Oct. 24, 1931.

