WITTIG v. CANADA S. S. LINES, Limited.
No. 1815.

District Court, W. D. New York.
Jan. 28, 1932.

Bigham, Englar, Jones & Houston, of New York City, and Burke & Desmond, of Buffalo, N. Y., for libelant.

Brown, Ely & Richards, of Buffalo, N. Y., for respondent.

KNIGHT, District Judge.

This is a motion to dismiss a libel filed to recover damages on a consignment of almonds originally shipped from Messina, Italy, by the steamship Concordia for transportation to Montreal, Canada. The ultimate destination of such consignment was Winnipeg, Manitoba. The steamship Concordia became stranded, and her cargo was discharged at the Port of Quebec, Quebec, Canada. The shipper, Donald H. Bain, Limited, made a contract of affreightment with the respondent herein for the transportation thereof by water from such port of Quebec to the port of Fort William, Ontario.

The libel herein is based on the claim that respondent, in consideration of a certain freight rate, known as insured rate, agreed to carry and deliver the shipment in good order and pay any loss under such circumstances as would permit shipper to recover such loss under its open policies of cargo insurance against marine perils. It is claimed that the cargo was damaged to the amount of $8,500 while being transported by respondent, and that respondent is liable therefor under its contract of affreightment.

The respondent excepts to the libel upon the ground that it fails to set forth facts showing that this court would have entertained jurisdiction of the suit had no assignment of the claim been made; that it fails to set forth facts showing the libelant is the real party in interest and that the assignment to libelant is merely colorable and made for the sole purpose of inducing this court to exercise its jurisdiction.

It appears from the exceptions herein and the affidavits in support of this motion that the respondent's defense will be that any recovery is precluded by the provisions of the laws of Canada and its provinces, and also that any damages sustained resulted from causes for which respondent is not liable. Libelant brings this libel as the assignee of Donald H. Bain, Limited. The claim to title in the suit is based on an instrument in writing, duly executed and acknowledged by the assignor, by which there is purported to be assigned "all sums of money due or owing to it and all claims, demands, and cause, or causes of action" arising by reason of any damages sustained in the shipment of the cargo of almonds.

The shipper, Donald H. Bain, Limited, and carrier, the respondent, are both Canadian corporations. Libelant is a resident of this district. Donald H. Bain, Limited, had an open cargo policy of insurance on the shipment issued by the Insurance Company of North America, a Pennsylvania corporation.

After loss was sustained, Donald H. Bain, Limited, and the Insurance Company of North America made an agreement in writing, pursuant to which the amount of the alleged damages to the shipment in question was paid to Bain, Limited, and by which it was specifically provided that the sum so paid was a "loan" to said Bain, Limited; that Bain, Limited, would repay to the Insurance Company of North America the sum so "loaned" out of any net recovery by Bain, Limited, from the carrier; and pledged to the Insurance Company of North America its claim and recovery thereon as security for the so-called "loan."

It is well settled that suit in admiralty must be brought by the real party in interest and not in the name of one for the benefit of another. Smith v. Kernochen, 7 How. 198, 12 L. Ed. 666; Fretz v. Bull, 12 How. 466, 13 L. Ed. 1068; The Prussia (D. C.) 100 F. 484; Goldman v. Furness et al., Ltd. (D. C.) 101 F. 467, 468; The Trader (D. C.) 129 F. 462; Hughes on Admiralty (2d Ed.) p. 404; Benedict on Admiralty (4th Ed.) § 195, p. 152. The rule laid down in these and many other cases is clearly stated in Eastfield Steamship Company v. McKeon (D. C.) 186 F. 357, in which it is said that "the practice of instituting a suit in the name of one person for the benefit of another, to whom the right has been transferred, and of making one person libelant as the representative of another, does not obtain in admiralty." (Certain exceptions to this rule noted in these cases need not be considered.)

While the libelant states that suit is brought for the sole benefit of the insurer (the Insurance Company of North America), under the decisions in Luckenbach v. McCahan Sugar Refining Company, 248 U. S. 139, 39 S. Ct. 53, 63 L. Ed. 170, 1 A. L. R. 1522, and cases therein cited, Donald H. Bain, Limited, continued as the real party in interest after payment of his loss by the insurer and the execution of the agreement relative thereto. In Luckenbach v. McCahan the pertinent

points are strikingly similar to those in this suit. That case presented an agreement in effect the same as the one here, and payment of loss by insurer pursuant thereto. There, as here, the agreement recited that the payment was made as a "loan" and provided for repayment on recovery by insured. There, as here, it was contended that the libel should be dismissed because the shipper had already been paid his loss. In interpreting the payment as in law a "loan," the court said that it was giving effect to the intention of the parties as expressed in the agreement. This construction is not in conflict with Smith v. Kernochen and other cases which have been cited on the rule in admiralty as to the proper party as libelant.

■ Donald H. Bain, Limited, had the right to sue on this claim, and, having such right, could legally assign it to libelant. Libelant, however, contends that jurisdiction of this libel is obligatory because libelant is a resident of the district. He concedes that in an action by Bain, Limited, retention of jurisdiction would have been discretionary. The right to reasonably exercise such discretion could hardly be questioned. Charter Shipping Co. v. Bowring, Jones & Tidy, 281 U. S. 515, 50 S. Ct. 400, 74 L. Ed. 1008; Langnes v. Green, 282 U. S. 531, 51 S. Ct. 243, 248, 75 L. Ed. 520; The Maggie Hammond, 9 Wall. 457, 19 L. Ed. 772. While the assignment to libelant is absolute on its face and recites a consideration, it was executed solely to confer jurisdiction. Courts of admiralty do not look with favor upon such assignments. Barney v. Baltimore, 6 Wall. 280, 18 L. Ed. 825; Smith v. Kernochen and other cases hereinbefore cited. In Goldman v. Furness, supra, libelant, an assignee of a claim of a foreigner, brought suit. A prior libel by his assignor on the same claim had been dismissed on the ground that the foreign country, the residence of both parties, was the "more appropriate forum." Dismissing the second suit, the court said: "It is impossible to suppose that the assignment alleged is anything else than a colorable assignment, made for no other purpose than to present an American citizen as a libelant, and thereby remove one of the grounds upon which the former libel was dismissed." So this libelant's right to bring suit, under the facts shown, is "colorable" to the extent that this court, in the exercise of a reasonable discretion, can accept or decline jurisdiction.

It seems to me that there is little, if any, conflict in the views herein expressed with the authorities cited by libelant on the question of the effect of the assignment. In Stanley v. Board of Sup'rs of Albany County, N. Y. (C. C.) 15 F. 483, 484, the cause of action arose in the district in which suit was brought. The court said it must have retained jurisdiction as to the plaintiff's assignor and "the assignment was not made for the purpose of 'creating a case' within the jurisdiction * * * for such a case was already in existence," and "as the court must, in any event, retain jurisdiction, an inquiry into the relations existing between the plaintiff and his assignor can lead to no tangible results." This question does not seem to have been considered on the appeal to the Supreme Court. 121 U. S. 535, 7 S. Ct. 1234, 30 L. Ed. 1000. In Chubb v. Hamburg-American Packet Co. (D. C.) 39 F. 431, the suit was between foreigners. The respondent refused to consent to jurisdiction in the country of the original claimant, and the reasons for the opinion there have no application here. In the Norsman (D. C.) 271 F. 15, it would seem that the libelant was the original party in interest, and therefore no assignment was necessary. In the Eemdyjk (D. C.) 286 F. 385, there is nothing to show that its transfer was made simply to obtain jurisdiction. Also in that case it appears that the trial would involve the taking of testimony in cities in the United States. The court there, as stated in the opinion, exercised its discretion retaining jurisdiction.

■ In the suit at bar, shipper and carrier are foreign corporations. The damages sustained, if any, occurred on foreign soil or territory. The open cargo policy of insurance was issued to a foreign corporation. The contract of affreightment was made in a foreign country. The shipment was entirely in a foreign country. All the transactions in connection with the claim in question took place in another jurisdiction than this. A defense claimed is that any damages resulted from causes for which respondent is not liable. It is apparent that on that defense all the witnesses will be in a foreign country. It does not appear that any witnesses living in this jurisdiction will be needed. No question is raised as to the application of any different law in either country. Under such a statement of facts, it seems that the court in the exercise of fair discretion should decline jurisdiction. Canada Malting Co. v. Paterson Steamships, 51 F.(2d) 1007, 1008 (Second Circuit) affirming the decision of the District Judge in this district as reported in 49 F.(2d) 802, is in point. Indeed, this is even a stronger case than that for declining jurisdiction. It definitely appears that one

reason why the District Judge in that suit denied jurisdiction was that all the parties, including the officers and crews of the colliding vessels, were citizens and residents of Canada, and the circuit court on the appeal distinctly confirms this ground in saying that "not only are the libelants and the respondent Canadian subjects, but the officers and most, if not all, the members of the crew of each vessel are residents of Canada and so not available for compulsory attendance as witnesses in the District Court. This was considered an important consideration by the court below." See, also, The Potomac, 105 U. S. 630, 26 L. Ed. 1194; The Belgenland, 114 U. S. 355, 5 S. Ct. 860, 29 L. Ed. 152; Goldman v. Furness, supra. With relation to suits of a maritime nature between foreigners, the court said in Langnes v. Green, supra: "Nevertheless, 'the question is one of discretion in every case, and the court will not take cognizance of the case if justice would be as well done by remitting the parties to their home forum.'" While the Insurance Company of America is one of our own "nationals" (construing a corporation organized as such in America as a "national"), it is incorporated in another judicial district. Its "nationality," however, does not here affect the decision to deny jurisdiction.

In the briefs submitted, considerable attention is devoted to the legal effect of the "bailee" clause in the Bain, Limited, policy of insurance, the interpretation of section 2516 of the Quebec Code, and the construction of statutes claimed to be applicable in determining the issues. It does not seem to me that it is necessary to consider any such questions in deciding this motion.

The motion is granted, and the suit is ordered dismissed.