## THE TRICOLOR.

### UNITED STATES MERCHANTS' & SHIPPERS' INS. CO. v. A/S DEN NORSKE AFRIKA OG AUSTRALIE LINIE.

District Court, S. D. New York.

Aug. 25, 1932.

## BENGOCHEA et al. v. DAMPSKIB SELSKABET ORIENT A/S.

District Court, S. D. New York.

Oct. 24, 1931.

Bigham, Englar, Jones & Houston and F. Herbert Prem, all of New York City, for libelant.

Haight, Smith, Griffin & Deming, of New York City, for respondent.

### GODDARD, District Judge.

Libel in the admiralty by an insurer of cargo against respondent, owner of the steamship Tricolor, on which the insured cargo was shipped and lost. On motion to decline jurisdiction and dismiss the libel, or alternatively to stay proceedings herein until determination of the controversy by a Norwegian court as stipulated in the bill of lading. Motion to dismiss granted.

Libelant is a New York corporation which has paid an insurance loss of $10,-000 and claims by subrogation the rights of its insured cargo owner, apparently a Dutch corporation. The insurance policy was issued in the United States. Respondent is a Norwegian corporation, owner of the vessel on which the cargo in question was shipped at Hamburg, Germany, for carriage to Shanghai, China, under a bill of lading issued at Hamburg in December, 1930, and containing the following provision:

"19. It is mutually agreed that all questions arising under this bill of lading are to be governed by the law of Norway and to be decided in Oslo."

Due to a fire on board, followed by explosions, the Tricolor and her entire cargo became a total loss near Colombo, Ceylon. Service upon the respondent was obtained by attachment of another vessel at the port of New York. This was released by stipulation which reserved to respondent the privilege, without prejudice, of making the present motion.

The supporting affidavits of the respondent indicate that the ship carried some 8,-000 tons of general cargo, consisting of all sorts of goods, and loaded at eight European ports; that the defense will be that no negligence occurred in stowage of the cargo or otherwise, and this will involve investigation of facts and examination of witnesses, all of whom are remote from this jurisdiction. It also appears that the bill of lading provision above quoted is valid by the law of Germany, and its courts would decline jurisdiction and remit the parties to the courts of Oslo. The law of Norway also recognizes the validity of such an agreement, and would take jurisdiction of a suit in Oslo. The unavailability of the witnesses and the hardship to the respondent of being compelled to litigate here and in disregard of the bill of lading agreement are urged as reasons for declining jurisdiction.

It is conceded that, if the suit had been brought by the cargo owner itself, this court would have discretion to decline jurisdiction, since the controversy would be between aliens and relate wholly to a foreign transaction. Canadian Malting Co. v. Paterson S. S. Co., 285 U. S. 413, 52 S. Ct. 413, 76 L. Ed. 837, affirming 51 F.(2d) 1007 (C. C. A., 2d Circuit), is the latest authority. The respondent urges that an insurer claiming by subrogation can stand no better than its insured, while the libelant contends that, because it is an American "National" (a New York corporation), it has an absolute right to resort to this court, and discretionary rejection of jurisdiction is not permissible. Neither party cites authorities which are wholly conclusive on this point. While it is true that the substantive rights acquired by an insurer by subrogation are no greater than those of its insured (St. Louis, I. M. & S. Ry. Co. v. Commercial Insurance Co., 139 U. S. 223, 235, 11 S. Ct. 554, 35 L. Ed. 154), it does not necessarily follow that its procedural rights are similarly limited. No Supreme Court decision to that effect has been cited. There is, however, a persuasive House of Lords decision. La Societe du Gaz v. Armateura Francais, 23 Lloyds List, 209. There a French corporation sued another French corporation in a Scottish court for loss of a cargo of coal insured by a British underwriter who had paid the loss. The suit was dismissed on the ground that it could be more conveniently tried in France, and the Lord Chancellor said that it made no difference that the real plaintiff was a British underwriter, for he stands in the shoes of the insured. Lord Blackstone

concurred, expressing the view that subrogation should not cast a greater burden on the defendant than he would have had to bear had the suit been instituted by the insured. These considerations seem sound. A similar policy is recognized by the statute concerning jurisdiction based on diverse citizenship (28 USCA § 41), which in general precludes the assignor from invoking federal jurisdiction if the assignor could not have done so. I see no reason why assignment by operation of law (subrogation) should give greater rights than assignment by voluntary act of the parties. See Goldman v. Furness, Withy Co. (D. C.) 101 F. 467. Wittig v. Canada S. S. Lines, Ltd. (The Concordia) 59 F.(2d) 428, 1932 A. M. C. 572 (D. C. W. D., N. Y.), and the Lady Drake, 1 F. Supp. 317, 1932 A. M. C. 745 (D. C. E. D., N. Y.), also tend to support the view that the nationality of the insured rather than that of the insurer is to be considered in determining jurisdiction. Against this view, the libelant has cited Bengochea v. Dampskib Selskabet Orient A/S (The Natal) 1 F. Supp. 934, 1931 A. M. C. 1774 (S. D., N. Y.). There the libel was filed against a Danish vessel owner by a Cuban consignee for the benefit of an American underwriter. While Judge Caffey appears to have said that, if the suit were dismissed, jurisdiction could be obtained in a new suit filed by the underwriter, he also rested his refusal to dismiss upon the ground that the balance of convenience did not require that the suit be tried in Cuba. Accordingly, I regard the question as still open in this district, and do not think I am constrained to follow Judge Caffey's dictum.

In my opinion the court has discretion to decline jurisdiction of this suit, and, because the controversy is between aliens, arises out of a contract made abroad and governed by foreign law, and relates to transactions in foreign territory where all the evidence must be gathered, to say nothing of the stipulation that the parties would litigate only in the courts of Oslo, I decline to entertain jurisdiction and order the libel dismissed without prejudice to suit in an appropriate tribunal.