## THE WILJA.

### LOUIS DREYFUS et al. v. O/Y WIPU.

#### No. A–15786.

District Court, E. D. New York.
Jan. 26, 1940.

Reargument Denied Feb. 7, 1940.

Otto & Easterday, of New York City (Henry E. Otto and Samuel C. Otto, both of New York City, of counsel), for libelants.

Haight, Griffin, Deming & Gardner, of New York City (Herbert M. Statt and James McKown, Jr., both of New York City, of counsel), for respondent.

MOSCOWITZ, District Judge.

The respondent has appeared specially herein and made a motion for an order that the Court decline to take jurisdiction, that the libel be dismissed for lack of jurisdiction, and that the libel be dismissed on the ground that it does not allege facts sufficient to constitute a cause of action.

According to the libel Louis Louis Dreyfus, Jean Louis Dreyfus, Pierre Louis Dreyfus and Francois Louis Dreyfus are copartners doing business as Louis Dreyfus & Co., with offices in the City of London and at No. 2 Broadway, New York City. It appears that the owner of the steamship "Wilja" has no office within this district and that its office for the transaction of business is located in Finland. It further appears in the libel that Antti Wihuri and H. Clarkson & Company, Ltd., were agents of the respondent.

The libel contains the further allegation that a contract dated August 17, 1939, copy of which is annexed to the libel and marked Exhibit A, was entered into between the libelants and the respondent in the City of London, England; that after the contract was made the respondent defaulted by failing to perform the contract; that thereafter the libelants brought an action in this Court and the steamship "Wilja" was attached; that thereafter under duress the libelants and the respondent agreed upon an addendum to the contract, which is annexed to the libel as Exhibit B; that thereafter the "Wilja" was released and the libel discontinued. The libel further alleges that the "Wilja" violated the original contract (Exhibit A) and the addendum (Exhibit B) in that it failed to sail from New York for the St. Lawrence River loading ports on November 18, 1939, but that she sailed on November 20th and returned to New York within a few days instead of proceeding according to the contract to the St. Lawrence. At the time the libel was filed she was still in New York. The libel contains the allegation that the "Wilja" was not seaworthy.

The libelants claim damages in the sum of $60,000 for breach of the contract. The libelants are residents and citizens of France. Their head office is located in Paris, France. The steamship "Wilja" is owned by O/Y Wipu, a corporation of Finland.

The contract, Exhibit A, and the addendum, Exhibit B, was for the carriage of a cargo from loading ports in the Province of Quebec, Canada, to ports in Holland and/or Belgium. The contract contains a provision incorporating the Canadian Water Carriage of Goods Act, 1936, and a further provision that all disputes shall be referred to arbitration by

arbitrators carrying on business in London. The contract was made in London, England, between the London representatives of the libelants, which is a French corporation, and the London representatives of O/Y Wipu, a corporation of Finland. The transportation of the merchandise was from loading ports in Canada to ports in Europe and not to or from any port in the United States.

This Court, therefore, should decline jurisdiction (Canada Malting Co., Ltd. v. Paterson Steamships, Ltd., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; United States Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392; Goldman v. Furness, Withy & Co., D.C., 101 F. 467; Malcomess & Co., Ltd. v. S/S New Texas and Elder Dempster & Co., Ltd., 1926 A.M.C. 1514), and the parties should be relegated to arbitration in London.

Settle order on notice.

### On Motion for Reargument.

This is a motion for reargument of the motion heretofore made herein in which the Court filed an opinion dated January 26, 1940, declining jurisdiction.

 Upon this motion for reargument the libelants claim that the order declining jurisdiction should contain the following:

"1. Providing that respondent herein appear in an arbitration proceeding in London, to be commenced by the libelants herein, and had in accordance with the terms of the Arbitration Clause provided for in the contract of charter, and file bond in said proceeding in the amount of the damages claimed, as a condition precedent to this Court declining jurisdiction over the within action; or,

"2. In the alternative, for an order retaining jurisdiction over the within action but staying the further prosecution thereof in this Court pending the hearing and determination of an arbitration proceeding in London, to be commenced by the libelants herein, and had in accordance with the terms of the Arbitration Clause provided for in the contract of charter, and the entry of an order thereon in this court."

The libelants cite as authority, Canada Malting Co. v. Paterson Steamships, Ltd., D.C., 49 F.2d 802, 804, in which Judge Hazel stated: "The order shall provide for respondent's appearance in any action brought in Canada by cargo owners and file bond for recovery of damages."

Evidently the reason for this determination was due to the fact that the party making the motion to have the Court decline jurisdiction suggested the filing of the bond. There seems to be no authority for an order requiring the bond. See United States Merchants' & Shippers' Insurance Company v. A/S den Norske Afrika Og Australie Line (The Tricolor), D.C., 1 F. Supp. 934, affirmed, 2 Cir., 65 F.2d 392; Goldman v. Furness, Withy & Co., Ltd., D.C., 101 F. 467; Malcomess & Co., Ltd. v. S/S New Texas and Elder Dempster & Co., Ltd., 1926 A.M.C. 1514; The Lady Drake, D.C., 1 F.Supp. 317; The Falco, D.C., 15 F.2d 604, affirmed, 2 Cir., 20 F.2d 362; The Knappingsborg, D.C., 26 F. 2d 935. Canada Malting Co. v. Paterson Steamships, Ltd., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837 is not to the contrary.

Motion denied. Settle order on notice.