**INSURANCE CO. OF NORTH AMERICA et al. v. BRITISH INDIA STEAM NAV. CO., Limited.**

No. 464.

District Court, E. D. Louisiana, New Orleans Division.

April 10, 1941.

Bigham, Englar, Jones & Houston, of New York City (Henry N. Longle, of New York City, of counsel), and Dart & Dart, of New Orleans, La. (Louis Guidry, of New Orleans, La., of counsel), for libellants.

Terriberry, Young, Rault & Carroll and Joseph Rault and Walter Carroll, all of New Orleans, La. for respondent.

BORAH, District Judge.

This is a libel in admiralty by two insurers of separate parcels of goods against respondent, owner of the British steamship Sirdhana on which the insured parcels were shipped and lost.

The libellant, Insurance Company of North America, is an American corporation incorporated under the laws of the State of Pennsylvania, and the libellant, Sea Insurance Company, Ltd., is a British corporation. The libellants paid the British shippers under the policies and brought this suit in their own names as subrogates.

The respondent is a British corporation, owner of the vessel on which the parcels in question were shipped at Singapore for carriage to either Hong Kong or Shanghai under bills of lading issued at Singapore on November 11, 1939, containing the following provision: "All the terms, provisions and conditions of the Carriage of Goods by Sea Ordinance, 1927, and the Schedule thereto are to apply to the contract contained in this Bill of Lading, and the Company is to be entitled to the benefit of all privileges rights and immunities contained in such Act, and the Schedule thereto as if the same were herein specifically set out. If anything herein contained be inconsistent with the said provisions it shall to the extent of such inconsistency and no further be null and void. It is hereby expressly further agreed in pursuance of the provisions of Article 7 of the Schedule to the said Act, that the carriers' liability, prior to the loading on, and subsequent to the discharge from the ship, shall be governed by the conditions and exceptions of this Bill of Lading."

After loading the parcels in question the Sirdhana sailed from the port of Singapore on November 13, 1939, and within about forty minutes after leaving the dock she struck a contact mine and sank with all her cargo. The cargo involved in this litigation constitutes a negligible portion of the cargo on the Sirdhana at the time of her loss.

This libel in personam was filed on July 6, 1940, and service upon the respondent was obtained by attachment of the steamship Indora at the port of New Orleans. On August 3, 1940, respondent secured an order of court extending the time within which it should file its pleadings and on September 14, 1940, which was within the time allowed, the respondent appeared specially and moved the court in its discretion to decline jurisdiction of this suit. The supporting affidavits of the respondent set forth that the British India Steam Navigation Company, Ltd., does business only in the city of London; that the company operates the service known as the "home line" and, second, a line operating the "coastal service"—that is to say, a service operating on the Indian coast and between the ports in the East, the Far East, Australia, and the Persian Gulf. The respondent maintains no service whatsoever to the

United States, does no business in the United States, has no interests in the United States and has no agents upon whom service of process could be made, and the occasion for the Indora's calling at New Orleans is attributable to the fact that said vessel had been requisitioned by the British government and had been allocated by the British Ministry of Shipping to the Harrison Line for a voyage from New Orleans to Liverpool.

It further appears that on November 17, 1939, a formal investigation of the disaster was held in the Marine Court, Singapore, Straits Settlements, under Section 302 of the Merchant Shipping Ordinance, and the testimony of a large number of witnesses was taken. The principal questions investigated were whether the master and other officers of the Sirdhana had knowledge of the existence of the mine field; whether prior to sailing there had been received on board the vessel, or had been received by the master, information concerning the presence of the mine field; and whether the methods followed in acquainting masters with such perils were adequate to insure knowledge on their part. The inquiry not only concerned what if any knowledge was obtained by the master concerning this mine field at Singapore, but also what previous information was received by him or might have been received by him at prior ports.

If this court retains jurisdiction over the controversy a trial will involve practically the same issues as were investigated at the aforementioned hearing and the testimony of some, if not all of the same witnesses would have to be taken. The naval authorities in and about Singapore, the port authorities of Singapore, the ship's agents at Singapore and other maritime ports, the officers and the crew of the Sirdhana—the material witnesses—are all apparently citizens and residents of a foreign country; and so would not be available for compulsory attendance in the District Court. Nor is it conceivable that their government would permit them to be absent from their wartime duties if they expressed a willingness to participate in this relatively small civil action. To take their testimony by deposition would likewise be impracticable under the existing circumstances and would necessitate the incurring of expenses wholly out of proportion to the amount involved in the present litigation. If on the other hand the trial was held at Singapore many of the witnesses would be resident at the place of trial and the former officers and the crew of the Sirdhana would undoubtedly be available as witnesses, as they are on a regular run which includes the port of Singapore.

Both sides concede that had this suit been brought by the cargo owners themselves, this court would have discretion to decline jurisdiction, since the controversy would be between aliens and relate wholly to foreign transactions. Canadian Malting Co. v. Paterson S. S. Co., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837. The respondent contends that an insurer claiming by subrogation can stand no better than its insured, while libellant, Insurance Company of North America, contends that because it is a citizen (a Pennsylvania corporation) it is entitled as of right to have its claim heard in this court, and discretionary rejection of jurisdiction is not permissible.

The libellants admit that the case of United States Merchants' & Shippers' Insurance Co. v. A/S Den Norske Afrika Og Australie Line, sometimes cited as The Tricolor, D.C., 1 F.Supp. 934, affirmed 2 Cir., 65 F.2d 392, is squarely in point, and differs from the present suit only in that the bill of lading there contained a clause requiring disputes to be heard in Norwegian courts. But it is urged that this decision should not be followed because it runs counter to New Orleans v. Whitney (Gaines' Administrator) 138 U.S. 595, 11 S.Ct. 428, 34 L.Ed. 1102. It will serve no useful purpose to again answer that argument here. This question and all others which this case presents were carefully considered and, in my judgment, rightly decided by the Circuit Court of Appeals, Second Circuit, in The Tricolor, supra. For the reasons there stated, I conclude that libellant, Insurance Company of North America, is not entitled as of right to litigate its cause of action in this court, and that the court has discretion to refuse to retain jurisdiction.

I see no reason why the litigation should be in this country. There are no witnesses here. The controversy is between aliens, arises out of contracts made abroad for the carriage of foreign-owned cargo, between foreign ports on a foreign vessel and the rights of the parties are governed by foreign law. I am satisfied by reason and authority that the court should decline to entertain jurisdiction. The motion, accord-

ingly, is granted and the libel is ordered dismissed without prejudice to suit in an appropriate tribunal.