ASIATIC PETROLEUM CORPORATION v. ITALIA SOCIETA ANONIMA DI NAVIGAZIONE.

No. 7536.

Circuit Court of Appeals, Third Circuit.

April 14, 1941.

Joseph W. Henderson, of Philadelphia, Pa., and Charles S. Haight, of New York City (Rawle & Henderson, of Philadelphia, Pa., and Haight, Griffin, Deming & Gardner, of New York City, and Thomas F. Mount, of Philadelphia, Pa., on the brief), for appellant.

John B. Shaw, of Philadelphia, Pa., (Krusen, Evans & Shaw, of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, CLARK, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

This is a suit in admiralty in personam for breach of contract brought by the libellant, Asiatic Petroleum Corporation, a Delaware corporation, against "Italia" Societa Anonima Di Navigazione, an Italian corporation, pursuant to Rule 2 of the Admiralty Rules of the Supreme Court, 28 U.S.C.A. following section 723. The libel contains a clause of foreign attachment under which attachment was made of the S. S. Belvedere lying in the Port of Philadelphia.

The facts leading up to this and other suits are as follows. Between May 5 and May 25, 1940, the libellant, Asiatic Petroleum Corporation sold and delivered to the respondent oil bunkers for certain of the respondent's ships at the Port of New York for agreed sums in excess of $80,000. Be-

tween May 7 and June 10, 1940, the Asiatic Petroleum Company, Limited, of London, England, a British corporation, the libellant's assignor, sold and delivered certain other oil bunkers for use by other vessels of the respondent for an agreed price in excess of $57,000. The total price of all oil delivered was in excess of $137,000. All the oil was sold pursuant to an agreement made by the British company with the Italian company. On May 31, 1940, prior to the declaration of war between the Kingdom of Italy and the United Kingdom of Great Britain, the British company assigned to the Delaware company, the libellant, all of its rights in the contract, notifying the Italian company of the assignment. No payment has been made for the oil though demand for payment has been made.

On June 14, 1940, the libellant brought suit in admiralty in personam with a clause of foreign attachment in the District of New Jersey (which we will refer to as the New Jersey suit) against the respondent to recover $140,638.01, there being included in this suit one lot of oil not involved in the suit at bar. Under the foreign attachment issued in the New Jersey suit the steamships Alberta, Arsa and Aussa, owned by the respondent, were attached.

On June 15, 1940, G. W. Haight, the resident counsel of the libellant, telephoned to the manager of the respondent in New York City, I. E. Verrando, and discussed payment of the claim and the possibility that the respondent's ships had been requisitioned by the Italian government. Mr. Haight in an affidavit filed in this proceeding stated that Mr. Verrando told him that some weeks prior thereto that he (Verrando) had recommended to his company that the vessels be requisitioned and likewise that he thought this had been done. Mr. Verrando, in his counter-affidavit, denied making any statement that he understood that the vessels had been requisitioned and stated that he told Mr. Haight at that time that he could not say whether or not the vessels had been requisitioned. Mr. Verrando also stated in his affidavit that the ships had not been requisitioned. The suit at bar was commenced in the Eastern District of Pennsylvania on June 17, 1940 also to recover the price of the oil. On the same day upon process issued out of the District Court for the Eastern District of Pennsylvania, the libellant, as we have already stated, attached the steamship Belvedere.

The respondent on July 5th appeared specially in the suit at bar and filed a motion to dismiss the libel and dissolve the attachment. In its motion the respondent recited the attachment of the steamships Alberta, Arsa and Aussa in the New Jersey suit and averred that these three ships possessed a value of more than $250,000 each; that the libellant had also attached further vessels of the respondent, viz., the steamship Clara at Savannah, Georgia, and the steamship Leme at Astoria, Oregon. The respondent contended that by reason of these facts the attachment of the S. S. Belvedere in the case at bar was without legal justification. On July 25, 1940, the respondent appeared specially in the district of New Jersey and excepted to the libel on the ground that the libellant was not the real party in interest and therefore not entitled to maintain its suit, alleging that the real party in interest was the British company. The respondent also alleged as additional grounds for dismissing the libel in the New Jersey case that neither the British corporation nor its assignee, the libellant, was entitled to maintain the suit because Great Britain and Italy were at war and for that reason the respondent was prohibited by Italian law from making any payment and, since the contract to supply oil was between British and Italian nationals, calling for payment in London, the New Jersey court should not assume jurisdiction. No copy of the contract is in the record before us.

In the suits in the Districts of Oregon and Georgia the respondent also appeared specially and moved to dismiss the libels upon the grounds asserted in the suit at bar. These motions have been denied.

In no jurisdiction has the respondent appeared generally or given bond for the release of any of the ships. From the affidavits filed in this proceeding on behalf of the respondent it appears that the value of the three ships seized in New Jersey is in excess of $250,000 each. From counter-affidavits filed on behalf of the libellant it might be concluded that while the vessels have a present putative value of $250,000 each this value is based upon an ability freely to use or dispose of vessels now nearing obsolescence which might be subject to capture if used on high seas even with change of registry.[1]

---

[1] The court takes judicial notice of the fact that the United States Coast Guard, in conformity with the Act of June 15, 1917, c. 30, Title II, Sec. 1, 40 Stat. 220,

The court below dismissed the libel and vacated the attachment, finding as a fact that the libellant had sufficient security without recourse to the present libel and attachment, stating, " * * * the attachment of the Steamship 'Belvedere' at Philadelphia was not necessary to due protection of the interests and rights of the Libellant * * *, and said attachment and suit represent unnecessary litigation which this Court should not be asked to undertake. The Libellant therefore has unnecessarily invoked the jurisdiction of this Court which it is not entitled to do." The appeal at bar followed.

■■ The retention of jurisdiction of a suit in admiralty between foreign citizens is within the discretion of a district court and the exercise of its discretion in this regard may not be disturbed unless abused. Charter Shipping Co. v. Bowring, etc., 281 U.S. 515, 517, 50 S.Ct. 400, 74 L.Ed. 1008; The Belgenland, 114 U.S. 355, 368, 5 S.Ct. 860, 29 L.Ed. 152; The Maggie Hammond v. Morland, 9 Wall. 435, 437, 19 L.Ed. 772. The libellant, however, is a citizen of the United States and supplied over 60,000 net barrels of the oil. The rights of the parties may be measured by the assignment and by the terms of the contract between the Italian and the British companies. It may be the case that the rights of the citizen rise no higher than that of its assignor and it may maintain the suit at bar only within the discretion of the court below. For possible analogy see The Tricolor, D.C., 1 F.Supp. 934, 936; Wittig v. Canada S. S. Lines, Ltd., D.C., 59 F.2d 428; The Ecmdyjk, D.C., 286 F. 385; Goldman v. Furness, Withy & Co., D.C., 101 F. 467; Chubb v. Hamburg-American Packet Co., D.C., 39 F. 431. In view of the fact that the contract between the Italian and British companies is not before us and the District Court has placed its decision squarely upon the proper exercise of discretion, we will restrict our review to that subject.

■■ The suit at bar remains an action in personam despite the fact that property has been seized. The action is not changed into a proceeding in rem because of the attachment. In re Louisville Underwriters, Petitioners, 134 U.S. 488, 490, 10 S.Ct. 587, 33 L.Ed. 991; Atkins v. Fibre Disintegrating Co., 18 Wall. 272, 85 U.S. 272, 303, 21 L.Ed. 841. See also Admiralty Rule 8 of the District Court of the Eastern District of Pennsylvania. It is also settled that the pendency of a suit in personam is not a bar to suits brought in other jurisdictions upon the same cause of action. See Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077, and Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285, affirming the decision of the Supreme Court of Pennsylvania in the same case, sub nomine Thompson, Trustee, et al. v. Fitzgerald, 329 Pa. 497, 505, 198 A. 58. See also Clyde-Mallory Lines v. Delaware, L. & W. R. Co.,[2] affirmed per curiam in 2 Cir., 75 F.2d 1008.

■ The District Court refers to the attachment of the vessels in the New Jersey proceedings as if that attachment constituted security for the libellant in the suit at bar. This is erroneous. The attachment of the vessels in New Jersey does not constitute security for the suit at bar, and does not even serve as surety in the New Jersey suit within the meaning of Admiralty Rule 5. The respondent contests the jurisdiction of the District Court of New Jersey over its vessels and, at the same time in all other jurisdictions, contends that the libellant has security in the New Jersey suit. The facts are that the libellant has not compelled the respondent's appearance in any jurisdiction nor has it obtained bond with surety in any proceeding. In view of these circumstances we think that the finding of the court below was erroneous and that the order appealed from was an abuse of discretion.

Accordingly the decree of the court below is reversed and the cause is remanded with directions to reinstate the libel, reconstitute the attachment and to proceed in accordance with this opinion.

50 U.S.C.A. § 191, on March 30, 1941, took possession of the S. S. Belvedere in the Port of Philadelphia, placed guards thereon and removed the crew in order to secure the vessel from damage or injury, and to prevent damage or injury to the harbor of Philadelphia or waters of the United States. We also take judicial notice that similar action was taken by the United States Coast Guard in respect to the steamships Alberta, Arsa and Aussa in the District of New Jersey.

[2] No opinion for publication.