Joseph WEINER, Administrator of the Estate of Bernard McCabe, Deceased, Anthony Busuttill, Abe Cohen and William Jenkins,

v.

PENNSYLVANIA RAILROAD COMPANY, Lavino Shipping Company, Currie Lines, Ltd. and North Atlantic and Gulf Steamship Company, Inc.

No. 489.

United States District Court, D. Pennsylvania.

Sept. 27, 1954.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for Lavino Shipping Co.

Philip Price, Philadelphia, Pa., for Pennsylvania R. R. Co.

Krusen, Evans & Shaw, Philadelphia, Pa., for Currie Lines.

GANEY, District Judge.

The instant cause is one in admiralty, which involves a claim to recover damages for personal injuries and wrongful death resulting from a fire on May 18, 1951, which spread from Pier 46 in Philadelphia, Pennsylvania, to the S. S. "Pineland", a vessel flying the British flag, which had been moored to the pier for the purpose of discharging cargo.

This motion concerns itself solely with the respondent, Currie Lines, Ltd., the owner of the vessel. The decedent, Bernard McCabe, had been a resident

of Scotland, and the other claimant, Anthony Busuttill, was a resident of Malta. Since the institution of the suit, Busuttill has become a resident of Toronto, Canada.

The libel in the case was filed on December 17, 1952, and after many failures on the part of the respondent to answer interrogatories accompanying the libel, they were finally filed on October 6, 1953. On the same day the respondent filed a general appearance and an answer to the libel raising the question of the court's jurisdiction, which is the subject matter of the instant cause.

The only question involved here is whether or not the court will deem it expedient to exercise jurisdiction. Unless abused, the exercise of such discretion will not be disturbed. The Belgenland, 114 U.S. 355, 368, 5 S.Ct. 860, 29 L.Ed. 152; Asiatic Petroleum Corp. v. Italia Societa Anonima Di Navigazione, 3 Cir., 119 F.2d 610, 613.

It would seem in the exercise of the court's discretion that the interest of justice will best be served here by retaining jurisdiction. Considering the location and convenience of the parties and the witnesses, the locale and the nature of the wrong, it would seem that the whole matter can be most conveniently and expeditiously disposed of in this forum. Since all the party respondents other than the Currie Lines, Ltd. are within this court's jurisdiction, the inconvenience attendant to trying the case against Currie in Great Britain and the trial against the other party respondents in this Country would necessitate two suits at widely separated forums.

It seems to us that this is the proper exercise of the court's discretion to dispose of the entire matter in this forum. Additionally it would seem that the long delay in answering the libellants' interrogatories and its filing of this motion on the same day that it filed those answers is a consideration not particularly persuasive of the respondent's point of view.

Accordingly, the motion of the respondent, Currie Lines, Ltd., to dismiss for lack of jurisdiction is denied. Additionally, libellants' motion for judgment on account of the failure of Currie Lines, Ltd. to file timely answers is a moot one since they now have been filed.